a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BINAYAK LAMA,<br>Petitioner | CIVIL DOCKET NO. 1:20-CV-01072-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WILLIAM BARR, *ET AL.*,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 5) filed by *pro se* Petitioner Binayak Lama (A#201756118) ("Lama"). Lama is a detainee in the custody of the Department of Homeland Security ("DHS") and Bureau of Immigration and Customs Enforcement ("ICE"). He is being detained at the LaSalle Correctional Center in Olla, Louisiana.

Because Lama fails to allege why his removal is unlikely to occur in the reasonably foreseeable future, he must AMEND his Petition.

I. **Background**

Lama alleges that he is a native and citizen of Nepal. ECF No. 1 at 7. Lama alleges that he has been in post-removal order detention for more than six months and that his removal is unlikely to occur in the reasonably foreseeable future. ECF No. 1 at 6. Thus, Lama alleges that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 at 7.

## II.     Law and Analysis

Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* at 701. After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in *Zadvydas* creates no specific limits on detention. In fact, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support his claim. *Id.*

Lama alleges that he has been in post-removal detention for over six months, and ICE has been unable to remove him. ECF No. 1 at 2. But Lama does not allege any reason why his removal to Nepal is unlikely to occur in the reasonably foreseeable future. Lama must provide factual and evidentiary support for this conclusory

allegation. Lama must also state what, if any, documents he has completed to assist in his removal, and whether travel documents have ever been issued.

Additionally, Lama shall state whether he has requested release from ICE. Lama is further instructed to provide the Court with a copy of any post-removal order custody reviews or decisions to continue detention that he has received this year.

### III. Conclusion

Because Lama does not meet his burden under *Zadvydas*, IT IS ORDERED that Lama AMEND his Petition (ECF Nos. 1, 5) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Thursday, November 5, 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE