a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BINAYAK LAMA #A201756118,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01072<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| WILLIAM P BARR ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1, 5) filed by *pro se* Petitioner Binayak Lama (A#201756118) ("Lama"). Lama is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). He is being detained at the Allen Parish Jail in Oberlin, Louisiana.

Because Lama fails to allege why his removal is unlikely to occur in the reasonably foreseeable future, his Petition should be DENIED and DISMISSED.

I. Background

Lama alleges that he is a native and citizen of Nepal. ECF No. 1 at 7. Lama alleges that he has been in post-removal order detention for more than six months and that his removal is unlikely to occur in the reasonably foreseeable future. ECF No. 1 at 6. Thus, Lama alleges that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 at 7.

II.  **Law and Analysis**

Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* at 701. After the six-months, a detainee may seek release by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the six-month period expires.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated *Zadvydas* creates no specific limits on detention. In fact, a detainee may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support the claim. *Id.*

Lama alleges that he has been in post-removal detention for over six months, and ICE has been unable to remove him. ECF No. 1 at 2. Because he did not allege any reason why his removal to Nepal is unlikely to occur in the reasonably foreseeable future, Lama was ordered to amend his Petition to provide factual and evidentiary support for this conclusory allegation. Lama was ordered to state what, if any, documents he completed to assist in his removal, and whether travel documents have ever been issued.

Lama filed a Response to the Order, but did not state whether travel documents were issued. He also failed to provide any reason why his removal was unlikely to occur. ECF No. 8. Lama submitted a document indicating that ICE was simply waiting on a flight to Nepal. ECF No. 8-1 at 2. Because Lama has not alleged any reason why his removal is unlikely to occur in the reasonably foreseeable future, he cannot satisfy his burden under *Zadvydas*.

### III. Conclusion

Because Lama does not meet his burden under *Zadvydas*, IT IS RECOMMENDED that Petition (ECF Nos. 1, 5) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, January 21, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE